THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. MJ25-728-PLM-JHC |
| Plaintiff, | ) | |
| v. | ) | RESPONSE TO GOVERNMENT'S MOTION FOR REVIEW |
| KADE GARRETT RANDALL, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Kade Garrett Randall, a 28-year-old gainfully employed and married college graduate, was released by Judge Tsuchida on November 19, 2025. Failing to convince the magistrate judge that detention was necessary, the government delayed Mr. Randall's release by seeking a stay of the order. It now re-presents its arguments to the District Court. This Court, after its de novo review, should affirm Judge Tsuchida's prior release order. The government argues that Mr. Randall is a danger to the community such that no conditions can be set and concedes that flight risk is sufficiently mitigated through release conditions, Dkt. 13 at n. 3, so this response focuses on danger.

## II. MR. RANDALL'S HISTORY

Mr. Randall has no prior criminal convictions. He is a college graduate with a degree in computer science and was employed at the time of his arrest. Pretrial Services

Report at 3. He is married and has lived in Georgia for over 10 years. *Id*. at 2. Until his arrest in this matter, he had never been in custody.

Mr. Randall's release plan is to live in the home he owns along with his wife, Madison, who is aware of the charges that he is facing. This home has been evaluated by Pretrial Services, who proposed release conditions. Mr. Randall supports himself primarily through his work with an online software company—to return to his employment, his release conditions require him to notify current employers of pending charges within two days of release. Dkt. 12 at 1.

Mr. Randall is not a drug user and only drinks alcohol socially. Pretrial Services Report at 4. He does not presently have any children and would be released into an environment where he would not have contact with children.

### III. THE CHARGES

Mr. Randall faces charges of attempted enticement of a minor and distribution of child pornography. While serious, and carrying the presumption of detention, the charges do not require detention. A person can and should be released if conditions can be set that reasonable assure the person's appearance at future proceedings and protect the public.

### IV. LAW AND ARGUMENT

**A. The government cannot meet its burden of showing that Mr. Randall is dangerous and that no conditions can be set**

The government bears the burden of proving dangerousness by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Even when a charge carries a presumption of detention, the burden on the defense is only a burden of production, with the burden of persuasion remaining with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The defense burden is not a high one—the burden of production requires only "some credible

evidence" that a person is not a serious flight risk or a danger to the community. *See United States v. Carbone*, 793 F.2d 559, 560 (3d. Cir. 1986).

The conditions imposed by Judge Tsuchida are restrictive and reasonably tailored to the offenses. To be and remain free, Mr. Randall must comply with a host of conditions related to the risks posed by Mr. Randall due to the allegations. Judge Tsuchida not only required Adam Walsh Act conditions, including location monitoring, but also required that Mr. Randall not go to locations where minors are known to congregate, not possess or use digital devices without pretrial services approval and monitoring, and participate in a pretrial support group. Dkt. 12 at 1-2.

### B. It is possible to successfully supervise someone who faces these types of charges

The government's arguments are largely extrapolatable to anyone facing similar charges. Nevertheless, others have been successfully supervised, even when facing prosecution for hands-on offenses against minors. *See United States v. Carpenter*, 3:18-cr-5491-RJB, Dkts. 97, 221 (W.D. Wash. August 6, 2020 and May 18, 2022) (a defendant charged with multiple counts of aggravated sexual abuse of a child is released until after his plea of guilty to attempted enticement); *United States v. Holstein*, 2:24-CR-49-LK (a defendant with prior conviction for hands-on sex offenses against a child is released while facing child pornography possession charges); *United States v. Scheu*, 4:19-2615-CKJ-DTF, Dkts. 12, 114 (D. Ariz. Oct. 7, 2019, Feb. 8, 2022) (a defendant facing two counts of aggravated sexual abuse of a child is released until he is sentenced), *United States v. Fefelov*, 2:25-227-TL, Dkts. 1, 13 (W.D. Wash. Oct. 28, 2025, November 5, 2025) (a defendant charged with distribution of child pornography and attempted enticement is released in a case involving alleged threats to an actual minor).

1    The government's argument that Mr. Randall cannot be supervised is belied by
2 the host of examples of other similar defendants being successfully supervised. While
3 the government argues that the Georgia state investigation raises the risk to the
4 community to an unacceptable degree, this investigation does not make the case
5 dissimilar from other cases where contact is alleged as part of the federal prosecution
6 and a defendant is still released. By ordering release with a series of restrictive
7 conditions, Judge Tsuchida did not give Mr. Randall the benefit of the doubt—he
8 applied the Bail Reform Act as written and imposed conditions that could reasonably
9 assure the safety of the community. The serious charges Mr. Randall faces are
10 accounted for by the serious and restrictive conditions imposed on him. While it is
11 possible for Mr. Randall to evade his restrictions, this is true for every single person
12 who is placed on release. The government suggests different means by which Mr.
13 Randall could theoretically violate his conditions, Dkt. 13 at 11-12, but does not point
14 to any evidence showing a likelihood that Mr. Randall would actually do so. Mr.
15 Randall is accused of having committed offenses, as are all people who are considered
16 for released under the Bail Reform Act. He is not accused of evading any prior release
17 conditions or somehow operating secretly while under similar observation.

18    "Only in rare circumstances should pretrial release be denied. These words
19 reflect the essential principle that in our society liberty is the norm, and detention prior
20 to trial is the carefully limited exception. That exception is to be invoked only for the
21 strongest of reasons." *United States v. Fanyo-Patchou*, 19-cr-146-JCC, 426 F. Supp. 3d
22 779, 781 (W.D. Wash. Dec. 12, 2019) (cleaned up). The government seeks to detain
23 Mr. Randall, a young man with no criminal convictions, where he presents risks that
24 would be common to cases involving these charges. These risks are ones that Pretrial
25 Services is so well-equipped to handle that it has even created a support group for
26 pretrial detainees facing similar charges.

While it comes as no surprise that the government attempts to use the nature and circumstances of the allegations against Mr. Randall as its primary tool to seek detention, the Court must consider the circumstances as a whole, as the magistrate judge did, and should find there are conditions available that can reasonably protect the public, also as the magistrate judge did. Mr. Randall has rebutted the presumption of detention, and the proposed release conditions adequately assure his appearance at future proceedings while protecting the public. The Court should affirm the prior release order.

DATED this 1st day of December 2025.

Respectfully submitted,

s/ *J. Leonardo Costales*
s/ *Corey Endo*
Assistant Federal Public Defender
Attorney for Kade Garrett Randall

I certify this document contains 1186 words in compliance with the Local Criminal Rules.